# Matter of J-R-R-A-, Respondent

*Decided June 11, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

If an applicant for asylum has competency issues that affect the reliability of his testimony, the Immigration Judge should, as a safeguard, generally accept his fear of harm as subjectively genuine based on the applicant's perception of events.

FOR RESPONDENT: Kedron Benham, Esquire, Springdale, Arkansas

BEFORE: Board Panel: NEAL, Chairman; HOLMES and GREER, Board Members.

GREER, Board Member:

In a decision dated November 21, 2013, an Immigration Judge found the respondent removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2012), and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). The respondent has appealed from that decision. The appeal will be sustained in part, and the record will be remanded for additional consideration of the respondent's competency.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Honduras. He conceded removability through counsel and applied for relief from removal, claiming that he would be harmed upon his return to Honduras by a man who murdered his brother approximately 15 years ago.

During proceedings before the Immigration Judge, the respondent had difficulty meaningfully answering basic questions. His testimony was confusing and disjointed. His attorney expressed concern that the respondent has a cognitive disability that affected his ability to testify. However, counsel did not develop the record in this regard. Although the

Immigration Judge observed that the respondent's behavior and testimony were unusual, he did not evaluate the respondent's mental competency.

## II.  ANALYSIS

In this decision, we address the safeguard of accepting an asylum applicant's fear of harm as subjectively genuine where competency issues affect the reliability of the applicant's testimony.

### A.  Respondent's Mental Competency

As a threshold matter, based on observations made by both the Immigration Judge and the respondent's counsel, we conclude that the respondent's competency should have been assessed. *See Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011).  In particular, the record reflects that the respondent was confused and frequently provided nonresponsive testimony before the Immigration Judge.  For example, it is not in dispute that the respondent arrived in the United States in June 2012, but he testified that he arrived in 2006.  He also stated that 2006 was "last year" at the time of the hearing, which occurred in 2013.  In addition, the respondent laughed inappropriately during the hearing.

Based on these indicia of incompetence, the Immigration Judge should have taken measures to determine whether the respondent is competent to participate in these proceedings under the guidelines we outlined in *Matter of M-A-M-*, 25 I&N Dec. at 479−81.  Accordingly, we will remand for the Immigration Judge to determine whether the respondent is competent for purposes of participating in immigration proceedings according to the framework set forth in that decision.

### B.  Credibility Assessment in Mental Competency Cases

Given the facts of this case, we also find it appropriate to provide guidance regarding credibility assessments in cases involving aliens who are incompetent or who have serious mental health or cognitive issues that may affect their testimony, particularly with respect to asylum and related claims for relief from removal.

The Immigration Judge found that the respondent was not credible based on his demeanor and the inconsistencies in his testimony, which the Immigration Judge characterized generally as disjointed, confusing, and "self-serving."  The Immigration Judge acknowledged counsel's concerns that the respondent may have cognitive difficulties, but he opined that such problems are "not a license to give incredible testimony."  Based on his

finding that the respondent was not credible, the Immigration Judge denied the respondent's claim without any further evaluation. On appeal, the respondent argues that the deficiencies in his testimony are the result of a cognitive disability or mental illness and are not reflective of an attempt to deceive the Immigration Judge.

To establish that a fear is well founded for purposes of asylum, the applicant must have a genuine subjective fear of persecution in the country of return and present evidence establishing an objective situation in which that fear is reasonable. *Perkovic v. INS*, 33 F.3d 615, 620−21 (6th Cir. 1994) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430−31, 440 (1987)); *see also Gilaj v. Gonzales*, 408 F.3d 275, 283−84 (6th Cir. 2005). Therefore, an assessment of an asylum applicant's claim involves both subjective and objective components. An applicant may meet his burden of proof through his own testimony standing alone, but only if the trier of fact is satisfied that the testimony "is credible, is persuasive, and refers to specific facts" sufficient to demonstrate that the applicant is a refugee. Section 208(b)(1)(B)(ii) of the Act, 8 U.S.C. § 1158(b)(1)(B)(ii) (2012).

Generally, when determining an asylum applicant's credibility, we are concerned with whether an individual is presenting false information in an attempt to bolster or fabricate an application for relief. However, in this case, we address the complicating issue of assessing an asylum claim where an individual has a mental health condition that may result in delusions or an otherwise unreliable account of events, but where there may be no deliberate fabrication involved. *Cf. Slyusar v. Holder*, 740 F.3d 1068 (6th Cir. 2014) (upholding an adverse credibility finding, in a case with no competency issues, based on inconsistencies between the applicant's testimony and information she previously gave to the Department of Homeland Security).

A situation could arise in which an applicant who is deemed incompetent by the Immigration Judge sincerely believes his account of events, although they are highly implausible to an outside observer. Alternatively, the individual could be deemed competent for purposes of his hearing, although he has been diagnosed with a mental illness or serious cognitive disability and may exhibit symptoms that affect his ability to provide testimony in a coherent, linear manner. *See Matter of M-A-M-*, 25 I&N Dec. at 480 (indicating that even if an alien is deemed to be medically competent, there may be good cause for concern about the ability to proceed without safeguards). In such circumstances, the factors that would otherwise point to a lack of honesty in a witness—including inconsistencies, implausibility, inaccuracy of details, inappropriate demeanor, and nonresponsiveness—may be reflective of a mental illness or disability, rather than an attempt to deceive the Immigration Judge.

*See* section 208(b)(1)(B)(iii) of the Act (discussing the factors to consider in assessing credibility).

Such scenarios need to be assessed on a case-by-case basis, but where a mental health concern may be affecting the reliability of the applicant's testimony, the Immigration Judge should, as a safeguard, generally accept that the applicant believes what he has presented, even though his account may not be believable to others or otherwise sufficient to support the claim. The Immigration Judge should then focus on whether the applicant can meet his burden of proof based on the objective evidence of record and other relevant issues.[1] This safeguard will enhance the fairness of the proceedings by foreclosing the possibility that a claim is denied solely on testimony that is unreliable on account of the applicant's competency issues, rather than any deliberate fabrication. *See Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011) (stating that the totality of the circumstances must be considered in evaluating an applicant's credibility); *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009).

## IV. CONCLUSION

We conclude that remand is warranted for the Immigration Judge to assess the respondent's mental competency because of the indicia of incompetency in the record. The parties should be afforded an opportunity to supplement the record with evidence regarding any mental health condition or serious cognitive disability that may affect the respondent's competency. If the Immigration Judge determines that competency issues relate to the respondent's ability to provide reliable testimony, he should reassess his factual findings based on the guidance given in this decision. He should then issue a new evaluation of the respondent's claim, including an assessment of any other relevant issues. Accordingly, the respondent's appeal will be sustained in part and the record will be remanded for further proceedings.

**ORDER:** The appeal is sustained in part.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[1] We recognize, of course, that many issues are involved in the adjudication of an asylum claim and that credibility is not always the determinative issue. However, while there are situations in which it may be appropriate for Immigration Judges to make adverse credibility findings in cases involving incompetent respondents, the better course in most instances would be for the Immigration Judge to accept the subjective belief of the respondent as genuine and proceed to the other requirements for the relief sought.