**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JAVIER BERMUDEZ-ARIZA,
*Petitioner*,

v.

JEFFERSON B. SESSIONS III, Attorney General,
*Respondent*.

No. 15-72572

Agency No.
A079-812-296

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2018
Seattle, Washington

Filed June 25, 2018

Before: Jay S. Bybee and N. Randy Smith, Circuit Judges,
and John Antoon II,[*] District Judge.

Opinion by Judge Bybee

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

## SUMMARY**

### Immigration

The panel granted a petition for review of the Board of Immigration Appeals' decision vacating an immigration judge's grant of asylum relief.

The Board in this case remanded to the immigration judge to reconsider the denial of Convention Against Torture protection in light of recent caselaw. The Board's remand order did not mention anything about retaining jurisdiction over any matters, including the IJ's denial of asylum relief on adverse credibility grounds. On remand, the IJ reconsidered and reversed his prior adverse credibility determination and granted Bermudez-Ariza asylum relief. The Board vacated the grant of asylum, holding that the remand was limited to reconsideration of CAT protection and that the IJ exceeded the scope of his jurisdiction by reconsidering the denial of asylum relief.

The panel explained that for the Board to retain jurisdiction when remanding to an IJ, its opinion in *Matter of Patel,* 16 I. & N. Dec. 600 (BIA 1978), requires it to do two things: (1) expressly retain jurisdiction, and (2) qualify or limit the scope of remand. If the Board fails to do either of these things, the scope of the remand is general and the IJ may reconsider any of his or her prior decisions. Because the Board did not expressly retain jurisdiction when it remanded to the IJ, the panel held that the IJ had jurisdiction to

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reconsider his initial denial of Bermudez-Ariza's application for asylum. The panel remanded for the Board to address the IJ's grant of asylum on its merits.

## COUNSEL

Cawood K. Bebout (argued), Mount Vernon, Washington, for Petitioner.

John Beadle Holt (argued) and Sabatino F. Leo, Trial Attorneys; Anthony P. Nicastro, Acting Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BYBEE, Circuit Judge:

This case requires us to address the scope of an Immigration Judge's ("IJ's") jurisdiction on remand from the Board of Immigration Appeals ("BIA"). Javier Bermudez-Ariza applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ initially denied all relief but, on subsequent remand from the BIA, reconsidered and granted asylum. The BIA vacated the IJ's decision, holding that the IJ lacked jurisdiction to reconsider asylum on remand. Bermudez-Ariza now petitions our court for review.

For the BIA to retain jurisdiction when remanding to an IJ, its opinion in *Matter of Patel* requires it to do two things:

(1) expressly retain jurisdiction, and (2) qualify or limit the scope of remand. 16 I. & N. Dec. 600, 601 (BIA 1978). If the BIA fails to do either of these things, the scope of the remand is general and the IJ may reconsider any of his or her prior decisions. *See* 8 C.F.R. § 1003.23(b)(1). Because the BIA did not expressly retain jurisdiction when it remanded to the IJ in this case, the IJ had jurisdiction to reconsider his initial denial of Bermudez-Ariza's application for asylum. We therefore grant the petition for review and remand to the BIA for it to address the IJ's grant of asylum on its merits.

I

Javier Antonio Bermudez-Ariza is a native and citizen of Colombia. He alleges that he fled Colombia to escape persecution by the Fuerzas Armadas Revolucionarias de Colombia ("FARC") on account of his political opinions. He entered the United States illegally in March 2002, and the Department of Homeland Security commenced removal proceedings against him later the same year. Bermudez-Ariza conceded removability but applied for asylum, withholding of removal, and protection under CAT.

Bermudez-Ariza testified at a January 2003 hearing before an IJ, who found him not credible and denied all relief from removal. The BIA affirmed in May 2004, and Bermudez-Ariza petitioned our court for review. While his petition was pending, he also moved the BIA to reopen his case, alleging ineffective assistance of counsel. The BIA denied his motion in November 2004, and Bermudez-Ariza filed a second petition for review in our court. We consolidated the two petitions, but before they could be fully briefed, the government moved to remand to the BIA for it to reconsider Bermudez-Ariza's CAT claim in light of *Reyes-*

*Reyes v. Ashcroft*, 384 F.3d 782, 787–88 (9th Cir. 2004), and *Zheng v. Ashcroft*, 332 F.3d 1186, 1194–96 (9th Cir. 2003). The government stipulated that, if the case was remanded, Bermudez-Ariza would be able to reassert all issues in a subsequent petition for review.

We granted the government's motion and remanded to the BIA "for consideration of petitioner's Convention Against Torture claim." The BIA, in turn, "remand[ed] to the Immigration Judge in order for him to reassess his decision taking into consideration the cases noted [i.e., *Reyes-Reyes* and *Zheng*] and any other recent precedent decisions which would affect the respondent's claim for protection under the Convention Against Torture." The BIA's remand order concluded: "The record of proceedings is remanded for further consideration of the respondent's claim under the Convention Against Torture." The order did not, however, mention anything about retaining jurisdiction.

The case came before the same IJ as before. In March 2010, the IJ reversed his prior adverse credibility determination and granted asylum. The IJ gave little explanation for reversing the adverse credibility determination aside from stating that "recent Ninth Circuit case law has repeatedly been reversing adverse credibility findings in Pre REAL ID ACT cases such as this," and citing *Chawla v. Holder*, 599 F.3d 998 (9th Cir. 2010), and *Tijani v. Holder*, 598 F.3d 647 (9th Cir. 2010). In May 2012, the BIA vacated the grant of asylum in a non-precedential, single-member decision, holding that the IJ "exceeded the scope of his jurisdiction on remand." Because the IJ's decision contained "only one, conclusory sentence addressing CAT relief," the BIA remanded to the IJ for entry of a new order on just the CAT claim. The IJ rendered an oral decision

denying CAT relief in January 2013, and the BIA affirmed in July 2015.

Bermudez-Ariza now petitions our court for review of the BIA's July 2015 decision affirming denial of CAT relief, the May 2012 decision vacating the grant of asylum, and—in accordance with the stipulation—the May and November 2004 decisions affirming the initial denial of all relief and denying the motion to reopen. Specifically, he makes four alternative arguments: (1) the IJ had jurisdiction to reconsider and grant asylum; (2) substantial evidence does not support the IJ's *initial* denial of relief from removal; (3) the BIA abused its discretion in denying the motion to reopen; and (4) we should remand to the BIA for it to decide whether to grant humanitarian asylum. Because we agree that the IJ had jurisdiction to reconsider and grant asylum, we need not consider Bermudez-Ariza's remaining arguments.

II

In general, an IJ may "upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1). The question here is whether the BIA retained jurisdiction when remanding to the IJ "for further consideration of the respondent's claim under the Convention Against Torture." We review this question of law de novo. *See De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004).

The BIA has itself explained the circumstances under which it retains jurisdiction when remanding to an IJ. In *Patel*, an IJ found two respondent aliens deportable, and the BIA affirmed. 16 I. & N. Dec. at 601. The respondents then

moved the BIA to reopen. *Id.* at 600–01. The BIA denied the motion as to the male respondent, but granted it as to the female respondent and remanded her case to the IJ. *Id.* at 601. While the female respondent's case was pending before the IJ, both respondents once again moved the BIA to reopen proceedings. *Id.* at 600. The BIA denied the motion as to the male respondent but held that it lacked jurisdiction to adjudicate the motion as to the female respondent:

> [W]hen the Board remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained. Further, when this is done, unless the Board qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations.

*Id.* at 601; *see also In Re M-D-*, 24 I. & N. Dec. 138, 141–42 (BIA 2007) (reaffirming *Patel* and holding that the IJ reacquired jurisdiction on remand).

In *Johnson v. Ashcroft*, the Third Circuit relied on the BIA's decision in *Patel* to address a situation strikingly similar to the instant case. 286 F.3d 696 (3d Cir. 2002). The BIA had affirmed denial of Jimmy Johnson's application for asylum and withholding of removal. *Id.* at 698. Johnson then moved the BIA to reopen for consideration of relief under CAT. *Id.* The BIA granted his motion and remanded to the IJ "for consideration of the respondent's claim pursuant to

[CAT] regulations." *Id.* at 699. On remand, the IJ denied CAT relief but granted asylum and withholding of removal. *Id.* The BIA, however, vacated the grant of asylum and withholding on the ground that the IJ lacked jurisdiction to consider those forms of relief. *Id.*

The Third Circuit granted Johnson's petition for review, holding that the BIA acted arbitrarily in departing from *Patel*. According to the Third Circuit, *Patel* required that the BIA do "two things" in its remand order to retain jurisdiction: (1) "expressly retain jurisdiction," and (2) "limit the remand to a specific purpose." *Id.* at 701. The Third Circuit held that the BIA did neither of those things in Johnson's case and therefore vacated the BIA's decision and remanded for further proceedings. *Id.* at 705; *see also Linares-Urrutia v. Sessions*, 850 F.3d 477, 482 (2d Cir. 2017) ("The government is correct that the initial BIA order set forth a purpose for the remand; but the order did not expressly limit the IJ's ability to revisit other issues. In the absence of any such limiting language or other indicia, the scope of a remand is general." (citing *Patel*, 161 I. & N. Dec. at 601, and *Johnson*, 286 F.3d at 703)).

We cited *Johnson* with approval in *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010). There, an IJ denied Jacinto Pascoul Fernandes's application for asylum. *Id.* at 1071. The BIA reversed, holding that Fernandes had proven past persecution, and remanding for the IJ to decide whether the resulting presumption of future persecution was rebutted. *Id.* at 1072. On remand, the government filed a motion to reopen in light of new evidence that Fernandes had knowingly filed his asylum application through an individual who routinely filed fraudulent applications. *Id.* at 1072–73. The IJ granted the motion and found that Fernandes's asylum

application was frivolous. *Id.* at 1073. The BIA affirmed, holding that the IJ had properly considered the government's motion. *Id.*

Fernandes petitioned our court for review, and we denied the petition. *Id.* at 1076. Relying on the BIA's decision in *Patel* and the Third Circuit's decision in *Johnson*, we held that "the IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose." *Id.* at 1074. Because the BIA's "remand order did not limit or qualify the IJ's ability to consider new evidence or motions" but "simply directed the IJ to conduct further proceedings 'consistent with' the Board's opinion," we concluded that the IJ had properly considered the government's motion to reopen on remand. *Id.*

Whereas the government in *Fernandes* argued that the scope of remand from the BIA was general, here the shoe is on the other foot, and the government now argues that the scope of remand from the BIA was limited. The government, however, must play by the same rules. Whether it is the government or the petitioner who has an interest in the IJ's jurisdiction on remand, the BIA must follow the procedure it outlined in *Patel*. Unless and until it overrules *Patel*, the BIA only retains jurisdiction when remanding to an IJ if its remand order expressly retains jurisdiction *and* qualifies or limits the scope of remand to a specific purpose. *See Patel*, 16 I. & N. Dec. at 601.

We think it likely that the BIA limited the scope of remand to a specific purpose in this case by stating that it was remanding "for further consideration of the respondent's claim under the Convention Against Torture." That said, the

BIA's remand order nowhere mentioned jurisdiction, much less expressly retained it.  Thus, irrespective of whether the BIA qualified or limited the scope of remand, the IJ had jurisdiction to reconsider his earlier decisions under 8 C.F.R. § 1003.23.  Indeed, this result is consistent with our policy of "encourag[ing] remand on an open record" to "allow[ ] prior decision-makers to cure an error."  *Padilla-Martinez v. Holder*, 770 F.3d 825, 831 (9th Cir. 2014).

## III

In sum, the BIA did not expressly retain jurisdiction when it remanded to the IJ, and therefore the scope of its remand was general under *Patel*.  As such, the IJ had jurisdiction to reconsider and grant Bermudez-Ariza's application for asylum.  The petition for review is **GRANTED** and the case remanded to the BIA for it to address the IJ's grant of asylum on its merits and for any further proceedings consistent with this opinion.