**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELICIA AKUA AWUDZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-72772

Agency No. A208-924-268

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2020
Pasadena, California

Before: BEA and BADE, Circuit Judges, and GONZALEZ ROGERS,** District
Judge.

Felicia Akua Awudza, a native and citizen of Ghana, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's ("IJ") denial of her application for withholding of removal,

asylum, and relief under the Convention Against Torture ("CAT"). We have

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). "A finding by the IJ is not supported by substantial evidence when 'any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record.'" *Id.* (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1.      Awudza argues that the BIA abused its discretion by "summarily denying" her motion to reopen. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005) ("We review the BIA's denial of a motion to reopen and remand for abuse of discretion."). On its face, however, the purported motion bears none of the indices of a motion to reopen: it neither "state[s] the new facts that will be proven at a hearing," nor is it "supported by affidavits or other evidentiary material." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting 8 U.S.C. § 1229a(c)(7)(A), (B)); *see also* 8 C.F.R. §§ 1003.2(c), 1003.23(b)(3). Instead, it is most reasonably construed as a notice of appeal of the IJ's decision. Moreover, even if that document might plausibly be construed as a motion to reopen, Awudza expressly withdrew it—through counsel—shortly after it was filed. Therefore, we conclude that the BIA did not abuse its discretion by failing to rule on a purported motion to reopen.

Similarly, we find no error in the IJ's failure to construe her submission of new country conditions evidence as a motion to reopen because, as Awudza acknowledges, she was represented by counsel at the time she submitted that evidence. Accordingly, she offers no basis for the agency to afford her the same liberal construction afforded to pro se litigants. *See Barron v. Ashcroft*, 358 F.3d 674, 676 n.4 (9th Cir. 2004).

2. Awudza next argues that the BIA erred by rejecting her contention that the IJ improperly concluded that it lacked jurisdiction to consider evidence or claims beyond the scope of the BIA's earlier remand, in violation of *Matter of Patel*, 16 I. & N. Dec. 600 (B.I.A. 1978). In her initial application for relief, Awudza alleged that she feared returning to Ghana because her husband and neighbors caught her having sex with another woman. After hearing testimony from Awudza and receiving documentary evidence, the IJ denied her applications for relief. The BIA largely agreed and found that the record supported the IJ's conclusions that Awudza failed to demonstrate that she suffered past persecution or that she had a well-founded fear of future persecution because she is a member of an LGBTQ social group. But the BIA remanded Awudza's application for the IJ to determine whether Awudza was a member of a social group similar to that in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014), and whether she could establish an objectively reasonable fear of future persecution because of her

3

membership in such a group.

On remand to the IJ, Awudza sought to introduce new evidence and reargue her eligibility for relief based on her LGBTQ status. The IJ refused her request and noted that it previously "analyzed her sexual orientation claim in full" in its earlier decision. The BIA subsequently affirmed the IJ's refusal.

We agree that the BIA's initial remand order neither "expressly retain[ed] jurisdiction [nor] qualifi[ed] or limit[ed] the scope of remand to a specific purpose." *Bermudez-Ariza v. Sessions*, 893 F.3d 685, 688 (9th Cir. 2018) (citing *Matter of Patel*, 16 I. & N. Dec. at 601). Thus, the IJ would have been within its jurisdiction to reassess Awudza's eligibility for relief. *See id.* But neither *Matter of Patel*, nor this court's subsequent application of its holding in *Bermudez-Ariza*, mandates that an IJ *must* accept new evidence beyond the scope of the BIA's remand or relitigate issues previously affirmed.

Instead, we have noted that an IJ may consider additional matters that he or she "deems appropriate or that are presented in accordance with relevant regulations." *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010); *see also Matter of L-S-*, 25 I. & N. Dec. 705, 715 n.4 (B.I.A. 2012) ("As a general matter, when a case is remanded to an [IJ] . . . [he] may consider additional evidence concerning new or previously considered relief *if the requirements for submitting such evidence are met*." (emphasis added)); *Matter of M-D-*, 24 I. & N. Dec. 138,

4

141 (B.I.A. 2007) (noting that an IJ has authority to consider additional evidence on remand "if it is material, was not previously available, and could not have been discovered or presented at the former hearing").

Here, neither the IJ nor BIA concluded that the IJ lacked jurisdiction to consider Awudza's arguments; rather, they determined that doing so would be inappropriate in this particular case. Awudza does not argue in her petition, nor did she argue to the BIA, that she made a sufficient showing to permit her to re-argue her eligibility for asylum and withholding of removal on the basis of her membership in an LGBTQ social group. *See Matter of M-D-*, 24 I. & N. Dec. at 142 ("In other words, the [IJ] has authority to consider new evidence if it would support a motion to reopen the proceedings."); *see also Fernandes*, 619 F.3d at 1074. We thus affirm the BIA's determination that the IJ did not err by prohibiting the relitigation of those issues.

3.      Turning to the merits of Awudza's asylum application, we conclude that substantial evidence supports the BIA's denial of relief on the record before the IJ.[1]  An asylum applicant must show that she "is unable or unwilling to return to . . . [the country of her nationality] because of persecution or a well-founded fear

---

[1]  Awudza does not address the agency's rejection of her applications to the extent that they are based on her membership in a social group of either married women in Ghana unable to leave their relationships or married women who cheated on their husbands with other women. Thus, she waives any challenge to those determinations. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "[P]ersecution is an 'extreme concept,' [and] it 'does not include every sort of treatment our society regards as offensive.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001)).

Awudza testified that, after her husband found her in bed with another woman, he ran outside and shouted for the neighbors to come see what was happening. An unknown number of people approached her home, throwing rocks towards the bedroom where she was hiding. As her husband and neighbors rapped the door with the rocks and other objects, Awudza escaped through a window with her partner. Awudza then fled to a friend's home in a different neighborhood before relocating to her mother's house.

The BIA affirmed the IJ's determination that this incident did not amount to past persecution. The evidence in the record does not compel a contrary conclusion. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (finding that an incident where a mob beat the petitioner because of his perceived ethnicity did not amount to past persecution); *Gu*, 454 F.3d at 1020–21 (finding single incident of detention where police detained and beat the petitioner did not rise to the level of persecution).

Because Awudza did not establish that she had been persecuted in the past,

6

she is not entitled to a presumption of future persecution. *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). And the BIA concluded that neither Awudza's testimony nor the State Department Country Report independently established a well-founded fear of future persecution. As the BIA concluded, the record lacked evidence of widespread brutality against the LGBTQ community in Ghana despite the Country Report indicating those individuals face societal discrimination. Moreover, it noted that Ghana's laws criminalizing "unnatural carnal knowledge" do not apply to those, such as Awudza, in female same sex relationships. Importantly, Awudza does not point to evidence in the record properly before the BIA compelling a contrary conclusion. *See Wakkary v. Holder*, 558 F.3d 1049, 1061–62 (9th Cir. 2009).

Having failed to satisfy her "burden of proof for asylum, [Awudza] necessarily failed to meet the higher burden of proof for withholding of removal." *Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011); *see Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).[2] Accordingly, we deny her petition as it pertains to her asylum and withholding of removal claims.

4. Substantial evidence also supports the agency's denial of Awudza's

---

[2] We reject Awudza's contention that we must grant the petition as to her withholding of removal claim because the BIA failed to apply the less demanding "a reason" standard articulated in *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

application for CAT relief.  An applicant for CAT relief must show that it "is more likely than not that . . . she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  "Torture is an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), that "is more severe than persecution," *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005).  Substantial evidence in the record supports the BIA's findings that Awudza did not show that she would more likely than not be tortured by or with the acquiescence of the Ghanaian government if returned to Ghana.  The record does not compel a conclusion contrary to the BIA's conclusion.  *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

**PETITION DENIED.**