**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MANUEL QUEZADA-HERNANDEZ, AKA Luis Manuel Hernandez, AKA Luis Quezada-Hernandez, | No. 17-71960 |
| Petitioner, | Agency No. A044-126-819 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2020[**]
Portland, Oregon

Before:  BERZON, COLLINS, and VANDYKE, Circuit Judges.

Luis Manuel Quezada-Hernandez petitions for review of the order of the

Board of Immigration Appeals ("BIA") affirming the decision of the immigration

judge ("IJ") denying his applications for cancellation of removal, asylum,

withholding of removal, and protection under the Convention Against Torture

("Torture Convention").  Quezada-Hernandez challenges the BIA's decision solely

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

on the grounds that the IJ should have inquired *sua sponte* into his mental competency before going forward with removal proceedings and that the BIA therefore erred in failing to grant his request to remand the matter for a mental competency hearing. We have jurisdiction pursuant to § 242 of the Immigration and Nationality Act. 8 U.S.C. § 1252. Regarding the agency's handling of an alien's competency, "[w]e review for abuse of discretion whether the BIA clearly departs from its own standards" as set forth in *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We deny the petition.

Under the BIA's decision in *Matter of M-A-M-*, an alien is "competent to participate in immigration proceedings" when "he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." 25 I. & N. Dec. at 479. An alien is presumed competent, and, "[a]bsent indicia of mental incompetency, an Immigration Judge is under no obligation to analyze an alien's competency." *Id.* at 477. If there are indicia of incompetency, however, the IJ must make further inquiry in order to ensure that the alien is competent to proceed without additional procedural safeguards. *Id.* at 480–81. Here, the BIA did not abuse its discretion in holding that the record did not reflect sufficient indicia of

2

incompetency to warrant further inquiry.

We and the BIA have previously recognized that an alien's in-court behavior may raise a question as to his or her competency, such as when the alien "had difficulty following the IJ's questions[] and many of his responses were confused and disjointed." *Mejia*, 868 F.3d at 1121–22; *see also Matter of J-R-R-A-*, 26 I. & N. Dec. 609, 610 (B.I.A. 2015) (further inquiry into competency was required where an alien "was confused and frequently provided nonresponsive testimony" and "laughed inappropriately during the hearing"). Quezada-Hernandez's in-court behavior, however, revealed no indicia of incompetency. He was able to ask appropriate questions seeking clarification, and he was able to explain why he wanted to apply for asylum and protection under the Torture Convention. And he gave many pages of coherent testimony, without apparent difficulty, in response to questions from the IJ and government counsel. The BIA did not abuse its discretion in concluding that Quezada-Hernandez's behavior at his hearings did not indicate incompetence. *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018) (insufficient indicia of incompetency where an alien exhibited "poor memory" but otherwise "did not show an inability to answer questions" and "was alert, asked for clarification when he did not understand, and sometimes answered before the translator finished his translation").

We have also held that there were "clear indicia" of incompetency where an

3

alien had "a history of serious mental illness, including hallucinations, bipolar disorder, and major depression with psychotic features," and the alien stated at the hearing that "he was not taking his medications and was feeling unwell." *Mejia*, 868 F.3d at 1121–22. Quezada-Hernandez contends that the medical records he submitted to the IJ reflect serious mental illness and that the IJ should have inquired further about those records before proceeding. Although these records do advert to mental issues, the BIA did not abuse its discretion in concluding that these documents did not require the IJ to *sua sponte* inquire into Quezada-Hernandez's competence.

Quezada-Hernandez submitted these medical records in support of his contention that he was "sick," not due to mental illness, but due to "surgery on [his] hips" and because his "back also is not in . . . good condition." Quezada-Hernandez notes that, in a section labeled "Chronic Problems," several of the records from one clinic list "Nonorganic psychosis, reactive confusion" alongside other, non-psychiatric ailments. But the only comments in those reports that specifically address and explain this remark discount its significance. On one occasion, the treating physician added the comment, "[u]nclear re diagnosis, mild whatever it is." At another appointment five months later, the doctor characterized the diagnosis as "[u]nclear but not very important." The most the treating physician stated in reference to this diagnosis was that Quezada-Hernandez was a

4

"tad confused, maybe a trace cognitive impairment, [but] functional and under excellent care of very intelligent mother." Beyond that, the other medical records listing this diagnosis generally assess his mental condition favorably, with the exception of one occasion in which the report noted that Quezada-Hernandez was "positive for anhedonia, is anxious." Quezada-Hernandez also points to other evidence, including school records indicating that he had a "report on file in Psychoeducational Services" and a letter from a neighbor stating that Quezada-Hernandez "is kind of slow in comprehending the orders given to do things." Considering this documentary evidence together with Quezada-Hernandez's behavior at his hearings, the BIA did not act "arbitrarily" or "irrationally" in concluding that there was not enough to warrant an inquiry into his competency. *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014) (citation omitted).

The petition for review is **DENIED**.