# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2021

Lyle W. Cayce
Clerk

No. 19-60928
Summary Calendar

Elguin Francisco Morales-Padilla, *also known as* Elwin Francisco Morales-Padilla,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 113 637

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner Elguin Francisco Morales-Padilla, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He challenges the BIA's decision to uphold the immigration judge's (IJ) determination that Petitioner lacked credibility, and he contends that he is eligible for asylum despite being previously ordered removed.

We review the BIA's decision, and we only consider the IJ's decision to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including an adverse credibility determination, are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Morales-Padilla contends that his testimony should have been presumed accurate because a clinical psychologist testified that his working memory was deficient. The testimony of applicants who are deemed incompetent, suffer from a mental illness, or suffer from a serious cognitive disability that affects their ability to provide coherent and linear testimony should be presumed accurate because any inconsistencies in the testimony could be "reflective of a mental illness or disability, rather than an attempt to deceive the Immigration Judge." *Singh*, 880 F.3d at 225 (quoting *Matter of J-R-R-A*, 26 I. & N. Dec. 609, 611 (BIA 2015)). Morales-Padilla, however, is not entitled to this presumption because (1) he does not claim to be incompetent and (2) he was able to testify coherently and answer questions from counsel and the IJ without apparent difficulty.

Morales-Padilla further contends that his adverse credibility determination was not supported by the record, but the BIA determined that he lacked credibility based on the implausible nature of some of his statements and inconsistencies between his testimony and his corroborative evidence. The adverse credibility determination was supported by "specific and cogent reasons," so the record does not compel a finding that Morales-

Padilla was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). The lack of credible evidence precludes Morales-Padilla from bearing his burden of proof for withholding of removal or protection under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

Morales-Padilla also insists that he is eligible for asylum. However, he is ineligible for asylum because he is subject to the reinstatement of a previous order of removal. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 491 (5th Cir. 2015).

Morales-Padilla's petition for review is DENIED.