NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| V.M., <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-72563 <br><br> Agency No. A074-378-938 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2022
Portland, Oregon

Before:  BADE and SANCHEZ, Circuit Judges, and LEFKOW,** District Judge.

V.M.[1], a native and citizen of Mexico, petitions for review of the order of

the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] We grant the remainder of V.M.'s unopposed motion to proceed under a pseudonym and refer to petitioner by his pseudonym in this disposition.

the Immigration Judge (IJ) denying his application for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. "We review [the agency's] factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, "[t]he agency's findings of fact 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)(B)). We deny the petition for review.

1.      Substantial evidence supports the adverse credibility determination. When assessing an adverse credibility determination, we look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[I]n some circumstances, our 'totality of circumstances' review of the BIA's determination permits us to uphold an adverse credibility finding, even where we conclude that some of the grounds are not supported by substantial evidence." *Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021).

Here, not all the BIA's findings are supported by substantial evidence. The agency failed to consider V.M.'s mental illness as an explanation for the seeming implausibility of the statements he gave at the border in June 2015 and August 2015, and found that V.M. testified inconsistently about the number of times he

2

transported drugs based on statements he made at a competency hearing. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010 (explaining an IJ must consider the "totality of the circumstances" and "all relevant factors" when determining credibility (quotation omitted)); *Matter of J-R-R-A-*, 26 I. & N. Dec. 609, 611 (B.I.A. 2015) (noting that where an individual has been diagnosed with a mental illness, "the factors that would otherwise point to a lack of honesty in a witness . . . may be reflective of a mental illness or disability, rather than an attempt to deceive the [IJ]"). However, other findings that are supported by substantial evidence suffice to support the adverse credibility determination.

First, the BIA agreed with the IJ that V.M.'s implausible testimony about his tattoos supported the adverse credibility determination. V.M. gave himself more tattoos while in immigration detention, despite contending that having too many tattoos made him a target in Mexico. *See Jie Cui v. Holder*, 712 F.3d 1332, 1337 (9th Cir. 2013) (actions inconsistent with petitioner's claim for asylum supported adverse credibility determination). The agency also found it implausible that V.M. did not know several of his tattoos had any affiliation with gangs because he obtained those tattoos while in prison with gangs. The agency noted V.M.'s ignorance was even more implausible given that he engaged in "gang-like behavior" while in immigration detention. Substantial evidence supports the agency's finding that this evidence undermined V.M.'s credibility.

Second, the agency considered V.M.'s history demonstrating a "willingness and ability to provide inaccurate and dishonest information for his own benefit." The agency referenced V.M.'s past use of aliases, possession of a fraudulent lawful permanent resident card, and false claim of United States citizenship to immigration officials. The agency also cited incidents in immigration detention in which V.M. denied committing misconduct and attempted to explain his behavior, but his version of events was contradicted by other evidence. These findings are supported by substantial evidence and properly support the adverse credibility determination. *See Don v. Gonzales*, 476 F.3d 738, 741 n.5 (9th Cir. 2007) ("Admission of prior dishonesty can support an adverse credibility determination.").

2.      Substantial evidence supports the denial of CAT relief. To be eligible for CAT relief, an applicant must show that he will more likely than not be tortured with the consent or acquiescence of a public official if removed to the proposed country of removal. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Because of the adverse credibility determination, V.M.'s CAT claim could rely only on the independent record evidence. *See Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022).

The BIA did not erroneously affirm the IJ's "unexplained reversal of prior factual findings" that V.M. was harmed. When remanding, the BIA did not

4

expressly retain jurisdiction, so the IJ was free to reconsider her previous findings. *Bermudez-Ariza v. Sessions*, 893 F.3d 685, 686 (9th Cir. 2018).

Further, the BIA did not err in affirming the IJ's findings. Although independent evidence showed that V.M. was detained in a Mexican prison when federal officers beat hundreds of detainees to repress gang violence at that facility, a reasonable adjudicator would not be "compelled to conclude" that V.M. was tortured in this incident because of his tattoos. *Silva-Pereira*, 827 F.3d at 1184 (quoting 8 U.S.C. § 1252(b)(4)(B)).

The agency also considered the country conditions evidence and expert testimony that V.M. would be tortured if removed to Mexico. The IJ considered the expert's testimony but disagreed with his conclusion on the ultimate issue. She was entitled to do so, and therefore the BIA did not err in upholding that finding. *See Aguilar-Romas v. Holder*, 594 F.3d 701, 706 n.7 (9th Cir. 2010). Further, the IJ's statement that it is not proper for a witness to testify about a question of law is technically correct. *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). Moreover, the IJ allowed expert testimony on the chances of V.M. being tortured, and the IJ gave reasons, which were upheld by the BIA, explaining why that testimony was insufficient to establish that V.M. would more likely than not be tortured if returned to Mexico.

Finally, the agency did not misapply *Matter of J-F-F-*, 23 I. & N. Dec. 912

(A.G. 2006), or fail to consider the aggregate risk of torture from all sources. We have stated that the agency cannot "recast" a petitioner's "substantiated evidence" as "speculative 'suppositions'" and fail to give it "due consideration." *See Haile v. Holder*, 658 F.3d 1122, 1131–33 (9th Cir. 2011). Here, however, the agency gave due consideration to all the evidence. The agency properly assessed "the *total* probability" that V.M. would be tortured and considered "all potential sources of and reasons for torture." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022). The IJ found that V.M. faced "some risk of future torture," but concluded that the "aggregate risk of future torture from all sources" did not meet the more likely than not threshold. The BIA did not err in concluding that the IJ "thoroughly considered the evidence of record" and "considered all possible sources of harm."

**PETITION FOR REVIEW DENIED.**[2]

---

[2] V.M.'s motion for a stay of removal is denied. The temporary stay of removal is terminated.