NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTEMIO GARCIA-ILLENES,

      Petitioner,

  v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 23-2592

Agency No.
A092-169-635

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 31, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Artemio Garcia-Illenes, a native and citizen of Mexico, petitions for review

of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal from

a decision of an Immigration Judge ("IJ"), which denied his application for deferral

of removal under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.17.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for substantial evidence and legal conclusions de novo. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (cleaned up). We deny the petition.

1. The BIA did not err in determining that the IJ's treatment of Garcia-Illenes's testimony complied with *Matter of J-R-R-A-*, 26 I. & N. Dec. 609 (B.I.A. 2015). The IJ appropriately looked to the "totality of the circumstances" in determining that, while credible, Garcia-Illenes was an unreliable historian. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). In accordance with *J-R-R-A-*, the IJ "generally accept[ed] that [Garcia-Illenes] believes what he has presented," crediting his subjective fear of torture. *Matter of J-R-R-A-*, 26 I. & N. Dec. at 612. The IJ then properly determined whether Garcia-Illenes could "meet his burden of proof based on the objective evidence of record," *id.*, looking to "objective observations of healthcare providers and the objective evidence" concerning his likelihood of torture upon removal to Mexico.

2. Substantial evidence supports the BIA's denial of CAT relief based on Garcia-Illenes's failure to establish a sufficient likelihood of torture after removal. The BIA determined that, even if Garcia-Illenes were likely to be placed in a mental-health institution in Mexico, he did not show "that he will more likely than not be subjected to the torture he fears in [such] institutions." The country-conditions reports on which Garcia-Illenes relies document torturous conditions in some of the Mexican mental-health institutions investigated. But Garcia-Illenes has identified no

evidence demonstrating that, if institutionalized, he is likely to be placed in one of the institutions where torture has been known to occur. The record therefore does not compel the conclusion that he will more likely than not be tortured if institutionalized.

3. Because we affirm the BIA's decision on that basis, we need not address its determination that Garcia-Illenes also failed to show a sufficient likelihood of psychiatric decompensation and consequent institutionalization. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022). We therefore do not consider Garcia-Illenes's argument that the BIA erred in its treatment of Dr. Julia Kuck's testimony, which concerned only the risk of decompensation.

**DENIED.**[1]

---

[1] The temporary stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal is otherwise denied.