# United States Court of Appeals
## For the First Circuit

No. 12-2089

HILDEBRANDO CANO-SALDARRIAGA,
a/k/a Cano Hildebrando,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Thompson, Circuit Judges.

José A. Vázquez and Ferreira & Vázquez on brief for petitioner.
Ada E. Bosque, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Department of Justice, Stuart F. Delery, Acting Assistant Attorney General, Civil Division, and William C. Peachey, Assistant Director, Office of Immigration Litigation, on brief for respondent.

September 4, 2013

**LYNCH,** **Chief Judge.**    Petitioner Hildebrando Cano-Saldarriaga seeks review of a decision by the Board of Immigration Appeals (BIA) reversing a grant of cancellation of removal and remanding for entry of an order of removal.  Following remand, the petitioner filed a new application for asylum and withholding of removal under the Immigration and Naturalization Act and for protection under the Convention Against Torture, currently pending review by the BIA.   In light of these ongoing administrative proceedings,  we decline to exercise jurisdiction to review the BIA's decision at this time.

## I.  Facts and Background

Hildebrando Cano-Saldarriaga (Cano) is a forty-year-old native and citizen of Colombia.  He was admitted to the United States as a lawful permanent resident on March 11, 1981.  Following Cano's conviction for shoplifting in 1992 and for assault with a deadly weapon in 1997, the former Immigration and Naturalization Service, now the Department of Homeland Security (DHS), initiated removal proceedings against him on November 21, 2001.  Cano denied that he was removable as charged and applied for cancellation of removal under 8 U.S.C. § 1229b(a).  While acknowledging Cano's extensive criminal history, including numerous additional criminal charges, the Immigration Judge (IJ) granted Cano cancellation of removal in light of the evidence of his substantial mental disability.

On de novo review, the BIA reversed the IJ's grant of cancellation, finding that any favorable considerations arising from Cano's disability failed to outweigh the dangers posed by his significant criminal history. The BIA remanded the case to the IJ for entry of an order of removal and designation of a country of removal. Following the BIA's remand, Cano filed a timely application for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and protection under the Convention Against Torture (CAT). The IJ denied all claims for relief. Cano appealed the IJ's decision to the BIA, where it is currently pending review.

## II. Discussion

The Immigration and Naturalization Act (INA) authorizes federal courts to review only "final order[s] of removal" issued by the BIA. 8 U.S.C. § 1252(a)(1). An order of removal includes "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is [removable], concluding that the alien is [removable] or ordering [removal]." 8 U.S.C. § 1101(a)(47)(A); Hakim v. Holder, 611 F.3d 73, 76-77 (1st Cir. 2010). The order of removal becomes final either when the BIA affirms the order or when the period in which the alien may seek review by the BIA expires. 8 U.S.C. § 1101(a)(47)(B); Hakim, 611 F.3d at 77. A final order is not limited to a determination of

-3-

removability, but "includes all matters on which the validity of the final order is contingent." Immigration & Naturalization Serv. v. Chadha, 462 U.S. 919, 938 (1983) (quoting Chadha v. Immigration & Naturalization Serv., 654 F.2d 408, 412 (9th Cir. 1981)) (citation and internal quotation mark omitted). A court may review a final order only after the petitioner has "exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d); Ahmed v. Holder, 611 F.3d 90, 97 (1st Cir. 2010).

It remains an open question whether the BIA's decision in this case, remanding for the entry of a removal order and the designation of a country of removal, itself constitutes a final order. This court has so far declined to resolve whether an order from the BIA mandating a petitioner's removal while remanding to the IJ for largely ministerial proceedings qualifies as final. See Hakim, 611 F.3d at 79 ("We thus need not address whether a BIA order denying relief from removal and remanding for consideration of voluntary departure is a final order of removal.").[1] While the Government cites a number of cases suggesting that remanding for consideration of further claims for relief does not constitute a final order under the INA, these cases all involve BIA orders

---

[1] In Hasan v. Holder, 673 F.3d 26 (1st Cir. 2012), this court did deny a motion to dismiss for lack of a final order where the BIA had remanded a case for entry of a voluntary departure period, id. at 31 n.5, but the court issued no formal holding or opinion to explain its reasoning.

-4-

explicitly contemplating ongoing proceedings bearing on the substantive question of the petitioner's removal status. See, e.g., Go v. Holder, 640 F.3d 1047, 1051-52 (9th Cir. 2011) (involving "remand of [petitioner's] CAT claim"); Chupina v. Holder, 570 F.3d 99, 103-04 & n.3 (2d Cir. 2009) (involving remand "for further proceedings on . . . CAT protection and withholding of removal"); Mahecha-Granados v. Holder, 324 F. App'x 735, 736, 738 (10th Cir. 2009) (involving remand "to consider any other applications for relief or protection"). They do not bear directly on the present case, in which the BIA's order contemplated a largely ministerial proceeding with no potential for future relief from removal, but the petitioner subsequently raised novel claims for asylum, withholding, and CAT protection.[2]  Where the BIA remands a case for largely ministerial proceedings, such as consideration of voluntary departure or designation of a country of removal, several circuits have identified such remands as final orders under the INA.  See, e.g., Pinto v. Holder, 648 F.3d 976, 986 (9th Cir. 2011) (remanding to consider voluntary departure); Alibasic v. Mukasey, 547 F.3d 78, 83-84 (2d Cir. 2008) (voluntary departure); Saldarriaga v. Gonzales, 402 F.3d 461, 465 n.2 (4th Cir. 2005) (voluntary departure); Del Pilar v. U.S. Att'y Gen., 326

_____

[2] Although the BIA here remanded the case for the explicit purpose of entering an order of removal, where the BIA does not explicitly identify a stated purpose as the exclusive purpose on remand, the IJ retains discretion to consider any related matters. See In re Patel, 16 I. & N. Dec. 600, 601 (BIA 1978).

F.3d 1154, 1157 (11th Cir. 2003) (country of removal). However, no courts have yet addressed how a petitioner's choice to file new substantive claims for relief following the BIA's remand impacts the finality of the BIA's initial order.

In the absence of adequate briefing on this point, we ultimately find that this is not a case that requires us to confront such nuances of definition. As this court has previously noted, even where a decision by the BIA constitutes a final order of removal, we may "decline to exercise jurisdiction . . . for prudential reasons." Hakim, 611 F.3d at 79. One core consideration is the interest in advancing "judicial economy," see id., not least by avoiding "piecemeal review" of removal proceedings where substantive claims for relief remain pending through administrative channels, Mahecha-Granados, 324 F. App'x at 738. Cf. Foti v. Immigration & Naturalization Serv., 375 U.S. 217, 232 (1963) ("Bifurcation of judicial review of [removal] proceedings is not only inconvenient; it is clearly undesirable . . . ."); id. at 227 ("Review of the denial of discretionary relief . . . [and] the [removability] issue . . . should . . . be made by the same court at the same time.").

In this case, although the BIA remanded Cano's case to the IJ for entry of a removal order and designation of a country of removal, Cano subsequently filed a timely application for asylum, withholding of removal, and CAT protection. The IJ considered

these new claims on remand in the fair exercise of her discretion. See In re Patel, 16 I. & N. Dec. 600, 601 (BIA 1978) ("[A] remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations."). Having been denied by the IJ, Cano's claims are now pending review by the BIA, following which Cano may very well, once more, petition this court for review. Under these circumstances, the interest in avoiding judicial waste counsels us to withhold consideration of Cano's petition until it may be consolidated with any subsequent issues arising from his pending applications for relief. We thus decline to exercise jurisdiction over the proceedings at this time.

## III. Conclusion

For the foregoing reasons, the petition for review is DENIED.