Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 13-1443

ERIUS ALLIU,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Thompson, Circuit Judges.

Jennifer Wang on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, and Justin R. Markel, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

July 2, 2014

**Per Curiam.**  This is a petition for judicial review of a final order of the Board of Immigration Appeals (BIA).  The BIA's order has three aspects: it decreed the petitioner's removal to his homeland (Albania); it rejected the petitioner's cross-applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture; and it denied the petitioner's motion, accompanied by, inter alia, evidence of psychiatric treatment and suicidal tendencies, to remand the case to the immigration judge (IJ) for consideration of the petitioner's eligibility for humanitarian asylum.  See 8 C.F.R. § 1208.13(b)(1)(iii)(B).

In its brief in this court, the government has conceded that the BIA "misapprehended" the basis of the petitioner's motion to remand and, therefore, never really resolved that motion. Despite this confession of error, the government argues that any error was harmless and, in effect, asks us to rule in the first instance on the claim for humanitarian asylum.

We do not see why we should be put in a position of making a determination that the law requires the BIA to make. Moreover, we think that considerations of fairness, efficiency, and the appropriate husbanding of scarce judicial resources all militate in favor of remanding this case so that the BIA can do now what it should have done in the first place.  See INS v. Orlando Ventura, 537 U.S. 12, 16-17 (2002) (describing benefits of allowing

BIA to decide issues in first instance).  We therefore vacate the BIA's final order and remand to the BIA for further proceedings. See Mejia v. Holder, ___ F.3d ___, ___ (1st Cir. 2014) [No. 13-2202, slip op. at 9] (remanding issue not yet properly considered by the BIA and concluding that "the BIA must do its own work").

We have considered and rejected the possibility of deciding at this time the other issues presented in the petition for judicial review.  Piecemeal judicial review of administrative orders is disfavored, see Cano-Saldarriaga v. Holder, 729 F.3d 25, 28 (1st Cir. 2013), and we see no need to indulge such piecemeal review in this case.  On the one hand, the BIA may act favorably on the petitioner's motion to remand the case to the IJ; and if it does, those other issues, at least as presently framed, will become moot.  If, on the other hand, the BIA denies the motion to remand after affording it due consideration, the BIA can simply reinstate the other aspects of its final order.  The petitioner can then seek judicial review of all the issues in the case.

We need go no further.  The petition for judicial review is granted; the final order of the BIA is vacated; and the case is remanded for further proceedings consistent with this opinion.


**So Ordered.**