# United States Court of Appeals
## For the First Circuit

No. 13-2223

DAVID PEREZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Thompson, Circuit Judges.

Nancy J. Kelly, John Willshire Carrera, and Harvard Immigration & Refugee Clinic, Greater Boston Legal Services, on brief for petitioner.
Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Stuart F. Delery, Assistant Attorney General, Civil Division, and Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

July 30, 2014

**LYNCH, Chief Judge**.  David Perez, a native and citizen of El Salvador, petitions for review of the August 30, 2013 order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration.  The order states that Perez's "motion does not identify any error of law or fact in [the BIA's] decision or identify any argument advanced on appeal that was improperly overlooked by the Board," as is required for such a motion to be granted.  See 8 C.F.R. § 1003.2(b)(1); see also In re O-S-G, 24 I. & N. Dec. 56, 59 (BIA 2006).

Respondent opposed the motion to reconsider before the BIA, but did not then concede any error in the Immigration Judge's ("IJ") factfinding.  However, in its briefing to us, respondent has admirably conceded that the IJ committed a clear error of fact.  It also conceded that that erroneous finding was recited in the BIA's May 30, 2013 order denying Perez's appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.  As respondent now concedes, both the BIA and the IJ mistakenly concluded that Perez could have continued his social activism provided he paid extortion money to the gang members.  But that erroneous finding conflated Perez's testimony that the gang demanded payment for the continued operation of his business with his testimony that the gang threatened to kill him for his continued social activism.

Respondent has argued that the IJ's admitted error was not material, that any error was harmless, and that Perez has

waived any argument based on the error. We find no waiver by Perez. Perez has argued that the admitted error affected the BIA's ruling both as to whether he has a well-founded fear of future persecution and as to whether there is a nexus between the persecution and a protected ground.

We will not evaluate these arguments here. The BIA has not had the opportunity to review and determine the first two of respondent's arguments nor any responses from Perez as to the effects of the error. In light of principles of exhaustion, it is for the BIA to address these issues in the first instance. As we said recently in Mejia v. Holder, ___ F.3d ___, 2014 WL 2872220, at *3 (1st Cir. June 25, 2014), where the BIA has not done its own analysis of an issue, it is not appropriate for the "government [to attempt] to fill this gap by briefing to us its view of the issue . . . . [T]he BIA must do its own work."

We grant the petition for review and remand to the BIA for further proceedings consistent with this opinion. See Aldana-Ramos v. Holder, ___ F.3d ___, 2014 WL 2915920, at *5-7 (1st Cir. June 27, 2014) (remanding asylum claim with the observation that threats of murder can constitute persecution and that asylum is still proper in "mixed-motive cases" provided one of the central reasons for persecution is the protected ground).

So ordered.