FILED
United States Court of Appeals
Tenth Circuit

August 9, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GREGORIO GODINEZ LOYA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 21-9594
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.

_____

Gregorio Godinez Loya is a Mexican national who seeks review of a Board of

Immigration Appeals (BIA) decision denying his motion for reconsideration. We

dismiss in part and deny in part the petition for review.

I

Loya is subject to a removal order from 1996. He also has an extensive

criminal record, including three unlawful-reentry convictions, *see* 8 U.S.C. § 1326(a),

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

a felony drug-trafficking conviction, and two felony convictions for driving under the influence. When Loya was most recently apprehended, the Department of Homeland Security reinstated his removal order, *see id.* § 1231(a)(5), and placed him in withholding-only proceedings, during which he applied for withholding of removal and relief under the Convention Against Torture (CAT).

After a hearing, an immigration judge (IJ) denied Loya's applications on multiple grounds. First, the IJ determined that several of his convictions constituted particularly serious crimes (PSCs) that rendered him ineligible for withholding of removal under both the Immigration & Nationality Act (INA) and the CAT. *See id.* § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *Villegas-Castro v. Garland*, 19 F.4th 1241, 1244 (10th Cir. 2021). Alternatively, the IJ ruled that for numerous reasons on the merits Loya was not entitled to withholding of removal under either the INA or the CAT. And finally, the IJ concluded that Loya failed to show he was entitled to deferral of removal under the CAT.

Loya appealed to the BIA, challenging some of the IJ's merits rulings for denying withholding of removal under the INA and the CAT. But he failed to challenge the IJ's other rulings—that his PSCs rendered him ineligible for relief and that he was not entitled to deferral of removal under the CAT. Thus, the BIA affirmed the IJ on the unchallenged grounds and dismissed the appeal. Loya did not file a petition for review.

Instead, Loya filed a motion for reconsideration, repeating his arguments challenging the IJ's merits rulings that he was not entitled to withholding of removal

2

or CAT protection.  The BIA declined to reconsider those issues, stating that a motion for reconsideration was not an opportunity to reargue previous contentions or raise new arguments that could have been previously asserted.  Accordingly, the BIA denied the motion for reconsideration, and Loya filed his petition for review.

## II

At the outset, we dismiss the petition to the extent it challenges the BIA's underlying decision.  Loya had thirty days from the date of that decision to file a timely petition for review.  8 U.S.C. § 1252(b)(1).  He failed to do so, and his motion for reconsideration did not toll the filing deadline.  *See Stone v. INS*, 514 U.S. 386, 394-95, 405-06 (1995) (requiring separate and timely petitions for review from the underlying removal order and the denial of a motion for reconsideration and stating that a motion for reconsideration does not toll the filing deadline); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) (recognizing court lacked jurisdiction to review underlying removal order absent a timely petition for review, but court retained jurisdiction to consider the denial of a motion to reopen).

To the extent Loya challenges the BIA's denial of reconsideration, we review for an abuse of discretion.  *See Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Berdiev v. Garland*, 13 F.4th 1125, 1130-31 (10th Cir. 2021) (internal quotation marks omitted).

There was no abuse of discretion here. Loya's motion for reconsideration reiterated the very same merits arguments he had previously raised on direct appeal to the BIA, at times verbatim. *Compare* Admin. R. at 7 (Mot. for Recons.) ("[M]y family . . . continue[s] in risk of being victims of persecution[.]"), *with id.* at 72 (direct appeal brief) ("[M]y family . . . continue[s] in risk of being victims of persecution[.]"). The BIA properly declined to reconsider those previously raised arguments. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion [for reconsideration] that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."); *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006) ("[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior [BIA] decision."). Consequently, we deny the petition for review to the extent it challenges the BIA's denial of reconsideration.

III

The petition for review is dismissed in part and denied in part. Loya's motion to proceed without prepayment of costs and fees is granted.

Entered for the Court

Timothy M. Tymkovich
Chief Judge