**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 19-1468

LAZARO ANTONIO MEJIA,

Petitioner,

v.

MERRICK B. GARLAND,[*] Attorney General,

Respondent.

No. 20-2204

LAZARO ANTONIO MEJIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

PETITIONS FOR REVIEW OF ORDERS OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Howard,
Circuit Judges.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland has been substituted for former Attorney General William P. Barr.

    Stephen A. Lagana, with whom Law Offices of Stephen A. Lagana was on brief, for petitioner.

    M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, with whom Joseph H. Hunt, Assistant Attorney General, Civil Division, Brian Boynton, Acting Assistant Attorney General, Civil Division, and Melissa Neiman-Kelting, Assistant Director, Office of Immigration Litigation, were on brief, for respondent.

-----------

June 11, 2024

-----------

**PER CURIAM**.  These petitions are not the first that we have addressed in this case.  We previously remanded this case to the Board of Immigration Appeals (BIA) and directed the BIA to reexamine its reliance on In re Jurado-Delgado, 24 I&N Dec. 29 (BIA 2006), and properly apply the modified categorical approach in determining whether Lazaro Antonio Mejia had committed crimes involving moral turpitude (CIMTs).  See Mejia v. Holder, 756 F.3d 64, 68-69 (1st Cir. 2014).[1]  Now before us again in Petition for Review 19-1468, we are unable to conclude that the BIA did as instructed.

On remand, the BIA applied the interpretation of CIMT developed in In re Diaz-Lizarraga, 26 I&N Dec. 847 (BIA 2016),[2] which had "update[d]" the BIA's definition of theft-related CIMTs.  Id. at 852.  Where theft-related CIMTs once required an intent to permanently deprive, Diaz-Lizarraga expanded the definition of CIMT to include any theft crime "where the owner's property rights are substantially eroded."  Id. at 853.

---

[1] The underlying facts are described in our previous opinion, and we do not repeat them here.

[2] Although on remand the BIA had conducted an initial analysis applying pre-Diaz-Lizarraga precedent, the Board's reasoning was never reviewed by this court because the government moved, unopposed, to remand a second time for the BIA to "engage in the full categorical analysis" and "address the effect of its decision in Matter of Diaz-Lizarraga."  In Petition for Review 19-1468, Mejia now seeks review of that second analysis.

But the BIA decided Diaz-Lizarraga in 2016, and applying Diaz-Lizarraga to Mejia's 2012 and 1999 guilty pleas would appear to retroactively impose a major and unforeseeable policy change on an unsuspecting petitioner. See id. at 849, 852 (stating Diaz-Lizarraga "update[d]" policy that had existed "[f]rom the Board's earliest days"); see also Garcia-Martinez v. Sessions, 886 F.3d 1291, 1295 (9th Cir. 2018) (deeming Diaz-Lizarraga "a rather abrupt change in the law, to say the least"); Monteon-Camargo v. Barr, 918 F.3d 423, 431 (5th Cir. 2019) (same); Obeya v. Sessions, 884 F.3d 442, 447-49 (2d Cir. 2018) (same). As the government acknowledges, this retroactive application of Diaz-Lizarraga imposes a severe burden on Mejia, who faces removal from the country that has been his home for thirty-six years. See Padilla v. Kentucky, 559 U.S. 356, 365 (2010) (characterizing deportation as a particularly severe penalty); Obeya, 884 F.3d at 445; Garcia-Martinez, 886 F.3d at 1295; Francisco-Lopez v. Att'y Gen. U.S., 970 F.3d 431, 439-40 (3d Cir. 2020).

We have been clear that retroactive application of agency policy developed through adjudication can violate due process if it adversely upsets reasonable reliance interests. See United States v. Hoyts Cinemas Corp., 380 F.3d 558, 573 & n.11 (1st Cir. 2004) (quoting Cheshire Hosp. v. N.H.-Vt. Hospitalization Serv., Inc., 689 F.2d 1112, 1121 & n.10 (1st Cir. 1982)); cf. Molina v. INS, 981 F.2d 14, 22-23 (1st Cir. 1992)

- 4 -

(allowing retroactive adjudication <u>unless</u> clear legal authority warrants reliance on old policy). Other circuits and the BIA have endorsed detailed frameworks to balance the merits and demerits of adjudicative retroactivity pursuant to <u>SEC</u> v. <u>Chenery Corp.</u>, 332 U.S. 194, 203 (1947). <u>See</u> <u>Retail, Wholesale & Dep't Store Union, AFL-CIO</u> v. <u>NLRB</u>, 466 F.2d 380, 390 (D.C. Cir. 1972);[3] <u>Microcomputer Tech. Inst.</u> v. <u>Riley</u>, 139 F.3d 1044, 1050 (5th Cir. 1998); <u>Gutierrez-Brizuela</u> v. <u>Lynch</u>, 834 F.3d 1142, 1145-46 & 1146 n.1 (10th Cir. 2016). Yet here, the BIA did not mention retroactivity, much less weigh its advantages and disadvantages. We think it best that the BIA consider these and other issues in the first instance, accepting new briefing from the parties as needed.

In Petition for Review 20-2204, Mejia also challenges the BIA's separate denial of his motion to reopen, but the BIA's reasoning here suffers from no deficiencies. The BIA has considerable discretion to determine whether "truly exceptional" circumstances warrant sua sponte reopening, <u>Thompson</u> v. <u>Barr</u>, 959

---

[3] The Second, Third, Fourth, Sixth, Seventh, and Ninth Circuits follow the D.C. Circuit's <u>Retail Union</u> test. <u>See, e.g.</u>, <u>Lehman</u> v. <u>Burnley</u>, 866 F.2d 33, 37 (2d Cir. 1989); <u>Dole</u> v. <u>E. Penn Mfg. Co.</u>, 894 F.2d 640, 647 (3d Cir. 1990); <u>NLRB</u> v. <u>Ensign Elec. Div. of Harvey Hubble, Inc.</u>, 767 F.2d 1100, 1103 n.2 (4th Cir. 1985); <u>J.L. Foti Constr. Co.</u> v. <u>OSHA Review Comm'n</u>, 687 F.2d 853, 858 (6th Cir. 1982); <u>NLRB</u> v. <u>Wayne Transp.</u>, 776 F.2d 745, 751 (7th Cir. 1985); <u>Oil, Chem. & Atomic Workers Int'l Union Local 1–547</u> v. <u>NLRB</u>, 842 F.2d 1141, 1145 (9th Cir. 1988). The BIA followed suit in 2019. <u>See</u> <u>In re Cordero-Garcia</u>, 27 I&N Dec. 652, 657 (BIA 2019).

F.3d 476, 480 (1st Cir. 2020) (quoting In re G-D-, 22 I&N Dec. 1132, 1134 (BIA 1999)), and it reasonably concluded that Mejia failed to prove that his 1999 shoplifting conviction was vacated due to procedural or substantive invalidity, see Rumierz v. Gonzales, 456 F.3d 31, 40 (1st Cir. 2006). The BIA utilized the correct legal standard and did not exercise its judgment arbitrarily, capriciously, or irrationally. See Thompson, 959 F.3d at 480. Petitioner's claim thus does not warrant relief.

*** 

For the foregoing reasons, in 19-1468 we **VACATE** and **REMAND** to the BIA for further proceedings, and in 20-2204 we **DENY** the petition.